# SUPREME JUDICIAL COURT,

FOR THE

## MIDDLE DISTRICT.

## 1865.

---

## COUNTY OF KNOX.

---

SIMON S. BARBOUR *versus* INHABITANTS OF CAMDEN.

Where a town voted to raise money to pay the commutation, to relieve men drafted or liable to be drafted into the military service, such vote was wholly unauthorized and illegal; and there has been no subsequent legislation which was intended to make such vote valid.

If, in the vote of the town raising money for such illegal purpose, there was embraced also provision for the payment of bounty to men drafted or their substitutes, who were mustered into service, the Act of Feb. 20, 1864, has made such provision valid; and as that part of the vote which has been made valid is, without difficulty, separable from that which is illegal, the vote is so far legally operative.

REPORTED from *Nisi Prius*, WALTON, J., presiding, to be submitted to the full Court, without entry upon the law docket, as provided by § 18 of c. 77 of Revised Statutes.

ASSUMPSIT upon a negotiable order drawn by the selectmen of Camden, directed to the treasurer of that town, to pay the plaintiff $300, "it being for furnishing substitute as per vote of town, July 1, 1863." The order is dated Feb. 27, 1864.

Barbour *v.* Inhabitants of Camden.

In the warrant for calling a town meeting, to be held on July 1, 1863, are the following articles, viz. : —

"*Article* 2. To see if the town will pay to each individual citizen of said town who shall be drafted under the late law of Congress, passed March 3, 1863, commonly called the conscription Act, the sum of three hundred dollars as bounty to serve or procure a substitute to serve in the army of the United States, or to exempt such person or persons from serving as provided for in said Act, and, if so, to see what sum of money the town will raise for that purpose.

3. To see how such money shall be raised, whether by loan or otherwise, and, if by loan, to see if the town will choose some person or persons who shall be authorized to make such loan and to pledge the faith and credit of the town for the payment of the same and interest, and, if not by loan, to see what action the town will take in regard to choosing some person or persons to procure it in such way as may be voted.

4. To authorize and instruct such person or persons, so chosen, to pay to each such citizen so drafted the sum of three hundred dollars when mustered into the service of the United States, or to his substitute when so mustered, or, if such citizen so drafted wishes to be exempt under said call, to pay the said sum of three hundred dollars to exempt him from such service."

The action of the town thereupon was as follows : —

" *Voted,* To raise the sum of three hundred dollars for each individual citizen who may be drafted into the army of the United States, under the late law of Congress, passed March 3, 1863.

" *Voted,* That the money shall be raised by a loan on from one to ten years, as the committee shall think best.

" *Voted,* That this committee shall consist of, &c., &c.

" *Voted,* That the selectmen be authorized to draw an order of three hundred dollars to be paid to such drafted person in lieu of the money, if such drafted person shall be willing to receive it.

" *Voted*, .That this committee be authorized and instructed to pay, to each such citizen so drafted, the sum of three hundred dollars, when mustered into the service of the United Stated, or to his substitute when so mustered, or if such citizen so drafted, wishes to be exempt, under said law, to pay the said sum of three hundred dollars to exempt him from such service."

It was admitted, that, under a call of the President of the United States, for men for the military service of the United States, the plaintiff, on the sixth day of August, 1863, was duly drafted from said town of Camden, as one of its quota under such call, and was accepted; and thereafterwards, in due time, furnished James R. Gordon as his substitute, for three years, who was accepted, and mustered into said service.

The plaintiff paid said substitute the town bounty of three hundred dollars, and took said substitute's order on said town of Camden, for that amount. And, in pursuance thereof, the defendants, by their selectmen, gave the plaintiff the order sued on in this action, which was duly presented to the town treasurer of said Camden, on the day of its date, for payment. But said treasurer refused to accept it, and said defendants to pay it. The above named call of the President was the one next before that of August, 1863.

*T. R. Simonton*, for the plaintiff.

*L. W. Howes*, for the defendant.

The opinion of the Court was drawn up by

APPLETON, C. J.—The defendant town had no legal authority to assess taxes or raise money to pay the commutation of one, who had been drafted in pursuance of the Act of Congress of March 3, 1863, c. 75. The government of the United States were in need of soldiers, and the primary object of the Act was to obtain men rather than money.

The vote of the town, so far as it relates to raising money for the purpose of paying the commutation of those drafted,

Barbour *v.* Inhabitants of Camden.

was not valid at the time of its enactment, nor has it since been ratified by the Act approved Feb. 20, 1864, c. 226.

The vote of the town embraced the raising of money for purposes made legal by subsequent ratification, as well as for those not embraced within the provisions of the Act referred to. But an Act of the Legislature may be constitutional and valid in part and in part otherwise. That which is unconstitutional will be adjudged void and the rest sustained. *Fisher* v. *McGirr*, 1 Gray, 1. So the votes of a town, so far as they are within the Act of 1864, c. 226, will be sustained and no further; — when the void is separable from that which by subsequent legislation is made valid — as in the present case, no difficulty can arise in affirming what is in accordance with the statute, and rejecting what is against law. *Defendants defaulted.*

CUTTING, DAVIS, KENT, WALTON and DANFORTH, JJ., concurred.